1

2

O

3

4                                                        NO JS-6

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   TIMOTHY A. MURPHY,            )   Case No. CV 13-07951 DDP (AGRx)
                                   )
12              Plaintiff,         )   **ORDER GRANTING DEFENDANT'S MOTION**
                                   )   **FOR SUMMARY JUDGMENT**
13        v.                       )
                                   )   [DKT. NO. 19]
14   MONTEBELLO TEACHERS           )
     ASSOCIATION, a California     )
15   corporation,                  )
                                   )
16              Defendant.         )
     _____)

17

18        Presently before the Court is Defendant's motion for summary

19   judgment (the "Motion"). (Docket No. 19.) For the reasons stated in

20   this order, the Motion is GRANTED.

21   **I. Background**[1]

22        Plaintiff Timothy A. Murphy ("Plaintiff") was an employee of

23   the Montebello Unified School District for 36 years, beginning in

24   1977. (Docket No. 32, ¶ 1.) In 1983, Plaintiff became the Athletic

25   Director at Montebello High School, at which time he stopped paying

26   dues to Defendant Montebello Teachers Association ("MTA" or

27   _____

28        [1]The Court recites the facts here largely as Plaintiff
     describes them, since the Court must construe the facts in the
     light most favorable to the nonmoving party on a motion for summary
     judgment.

"Defendant"), presumably because he was no longer a teacher. (Id.)
However, in December 2009, MTA began deducting $98.30$^2$ for union
dues from Plaintiff's paychecks. (Id. ¶ 2.) When Plaintiff called
MTA to ask why the money was now being deducted, he was told that
after an audit MTA had determined that Plaintiff should be a dues
paying member of MTA. (Id.)

In October 2010, Plaintiff requested information as to what it
would cost for him to join the medical trust (the "Plan"), an
optional benefit for MTA members. (Id. ¶ 3.) Plaintiff received a
response in November 2010, but he never followed up to join the
Plan because he believed the costs to be prohibitive. (Id.; Docket
No. 21, Exh. 1.) However, in April 2011, MTA began deducting
$200.50 from Plaintiff's paychecks. (Docket No. 32, ¶ 4 & Exhs.)
This larger amount represents both dues and a contribution to the
Plan. (Id. ¶ 4.) Plaintiff claims he never authorized this
additional deduction, nor signed up to participate in the voluntary
Plan. (Id.)

Plaintiff again contacted MTA and told them that he did not
wish to participate in the Plan unless they could offer him more
favorable terms. (Id. ¶ 6.) Plaintiff states that he was offered a
better plan by MTA employee Alonso Ibanez, which required Plaintiff
to pay $1,500 in back payments dating to June 2009, pay monthly
$100 contributions until he retired, and then make additional
monthly contributions until May 2021, with the amount varying
depending on the age at which he retired. (Id. ¶ 7 & Exhs.) After
accepting this alleged offer, Plaintiff paid the $1,500 back

---

[2]It appears that this amount may have been raised to $100.50
sometime between 2009 and 2011.

1   payment and the monthly contributions until his retirement in June
2   2013. (Docket No. 21, Exh. 4.) Despite his participation, Plaintiff
3   alleges that at no time was he provided with a written acceptance
4   into the Plan. (Docket No. 32, ¶ 9.)

5        Plaintiff retired from the Montebello Unified School District
6   effective July 1, 2013. (Docket No. 19-2, ¶ 10.) At that time,
7   Plaintiff did not have enough contributions to be eligible for
8   benefits under the Plan. (Id. ¶ 11.) Around the time of his
9   retirement, Plaintiff requested a "refund of the $1,500 that was
10  used to buy in to the medical trust along with all additional
11  monthly payments to the trust that [he] ha[d] made." (Id. ¶ 12;
12  Docket No. 21, Exh. 3.) The request was considered by the trustees
13  of the Plan, who notified Plaintiff on June 6, 2013 that "at such
14  time as [Plaintiff] no longer [is] a member of the bargaining unit
15  represented by the Association, [Plaintiff] will be eligible to
16  receive a refund of contributions up to $1,500 from the
17  Association." (Docket No. 21, Exh. 5.) MTA argues that Plaintiff
18  did not properly apply for this offered refund, nor appeal the
19  decision of the trustees not to refund more than $1,500, instead
20  filing this action in small claims court. (Docket No. 19-2, ¶ 14.)
21  Nevertheless, on October 11, 2013, MTA issued a discretionary
22  $1,500 refund to Plaintiff, who deposited the refund on January 8,
23  2014. (Id. ¶ 15.) Plaintiff continues to seek a refund of the
24  balance of the contributions he made to the Plan.

25       Plaintiff originally filed this action in small claims court.
26  (See Docket No. 1.) Defendant removed the action on the basis that
27  the action is covered by ERISA. (Id.) Defendant now seeks summary
28  judgment. (Docket No. 20.)

**II. Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. There is no genuine

4

issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel has an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

Taking all of Plaintiff's contentions and evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has not demonstrated an entitlement to the return of any funds beyond the $1,500 he has already received. Plaintiff alleges that he was offered a particular "deal" whereby he would make a back payment of $1,500 to purchase months of contributions into the Plan, pay $100 per month for the remainder of his employment prior to retirement, and then continue to make monthly contributions to the Plan until May 2021, with the monthly amount varying depending on the age at which he retired. MTA disputes that any such arrangement was ever made and argues that Plaintiff cannot submit extrinsic evidence to contradict the terms of the written ERISA Plan document. Assuming for purposes of this discussion that all of Plaintiff's allegations are true, regardless of whether there is sufficient admissible supporting evidence to prove that this is

1    what occurred, the Court finds that Defendant is entitled to
2    summary judgment.

3         Plaintiff is not pursuing recovery of benefits under the Plan,
4    nor is he attempting to continue paying contributions following his
5    retirement. Plaintiff and Defendant agree that Plaintiff paid *some*
6    money into the Plan under *some* (disputed) terms. Even assuming
7    Plaintiff obtained the claimed "special deal" by way of an oral
8    agreement, he is not entitled to the remedy of a refund of all
9    monies contributed. Instead, he would be entitled to the benefit of
10   his purported bargain – the opportunity to pay into the medical
11   trust under the terms of his agreement with MTA until 2021 in order
12   to obtain vested benefits. In the alternative, the Plan provides
13   that "[a] former bargaining unit member who leaves the bargaining
14   unit may request a reimbursement of contributions up to a maximum
15   of $1,500 from the Association." Though MTA contends that Plaintiff
16   did not submit a proper formal request for this refund, MTA has now
17   construed Plaintiff's actions as requesting this maximum refund and
18   issued him the refund. Allowing Plaintiff to recover any further
19   contributions is contrary to the purpose of this type of trust
20   arrangement, which relies on the fact that some individuals will
21   contribute money but never end up using it, either because they do
22   not need the benefits offered or because they do not contribute
23   enough for the benefits to vest. See Cent. States, Se. & Sw. Areas
24   Pension Fund v. Gerber Truck Serv., Inc., 870 F.2d 1148, 1151-56
25   (7th Cir. 1989). Therefore, the Court finds that Plaintiff is not
26   entitled to recover his contributions beyond the $1,500 he has
27   already received.
28   ///

**IV. Conclusion**

     For the foregoing reasons, the Motion is GRANTED.


IT IS SO ORDERED.



Dated: November 12, 2014

                                        DEAN D. PREGERSON
                                        United States District Judge